IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE<br><br>MICHAEL DYDAN HENSHAW AND KIMBERLY HENSHAW,<br><br>　　　　DEBTORS.<br>_____<br>PHILIP DANIEL HENSHAW and BARBARA WRESSELL HENSHAW,<br><br>　　　　Appellants,<br><br>　　　vs.<br><br>DANE S. FIELD, TRUSTEE OF THE BANKRUPTCY ESTATE OF MICHAEL DYLAN HENSHAW AND KIMBERLY HENSHAW,<br><br>　　　　Appellee.<br>_____ | CV. NO. 13-00388 DKW-KSC<br><br>[Bankruptcy Case No. 11-00853]<br>(Chapter 7)<br>Adv. Pro. No. 12-90070<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS GRANTING TRUSTEE'S MOTION TO DISMISS COUNTERCLAIM AND GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT** |

# ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS GRANTING TRUSTEE'S MOTION TO DISMISS COUNTERCLAIM AND GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Appellants Philip and Barbara Henshaw ("the Henshaws") appeal two decisions of the bankruptcy court in Adversary Proceeding No. 12-90070: 1) a March 13, 2013 order granting Trustee Dane S. Field's Motion to Dismiss Counterclaim; and 2) a July 10, 2013 order granting the Trustee's Motion for Summary Judgment.  Because the bankruptcy court did not issue any clearly erroneous factual findings, and did not err as a matter of law, *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010), the bankruptcy court's March and July 2013 Orders are hereby AFFIRMED.

## BACKGROUND

This is the second time in the past year that the Henshaws have appealed adversary proceeding rulings of the bankruptcy court to the district court. On the first occasion, in Adversary Proceeding No. 11-90105 (AP No. 1), Judge Seabright affirmed the bankruptcy court's decision to grant summary judgment to the Trustee, holding that Debtors' 2010 quitclaim deed, relating to 76-971 Hualalai

Road, Kona, Hawaii (the "Property"), in favor of Debtors' joint tenants, the Henshaws, constituted a fraudulent transfer.[1]

Subsequent to that ruling, the Trustee initiated the adversary proceeding (Adversary Proceeding No. 12-90070 (AP No. 2)) appealed from here. In this action, the Trustee seeks to sell both the Debtors' and the Henshaws' interests in the Property, pursuant to 11 U.S.C. § 363(h).  The Henshaws filed a counterclaim, seeking "reformation" of the 2007 Property Deed (the "Deed") to "conform to the parties' alleged intention that they would own the Property in proportion to their respective contributions to the purchase price," rather than equally in joint tenancy, as determined by the Court in AP No. 1.  Appendix, Ex. 3 at 3 (March 13, 2013 Order).  The bankruptcy court granted the Trustee's Motion to Dismiss the counterclaim, holding that the issue of "reformation" had already been considered and rejected as part of AP No. 1.  *Id*. at 3-6.

The Trustee also moved for summary judgment on its Section 363(h) claim.  On July 10, 2013, the bankruptcy court granted this motion, holding, in part,

---

[1] Because Judge Seabright has already set forth many of the relevant facts, the Court does not endeavor to do so again here, except as necessary to provide clarity.  *See In re Henshaw*, 485 B.R. 412 (D. Haw. 2013).

that the benefit to the bankruptcy estate of the sale of the Property outweighed any detriment to the Henshaws.  *Id*. (July 10, 2013 Order).

The Henshaws appeal from the decisions in both the March 13 and July 10, 2013 Orders.

## DISCUSSION

I.  The Bankruptcy Court Properly Determined That The Henshaws' Reformation Claim Is Barred By The Doctrine Of Issue Preclusion.

A party is estopped from litigating an issue already determined by a federal court where: 1) the issue is the same as the one involved in the prior litigation; 2) the issue in the prior litigation was essential to a final judgment; and 3) the party against whom collateral estoppel is sought was a party (or in privity with a party) to the prior litigation.  *See United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010).  Here, the parties principally dispute the applicability of element 1.[2]

More specifically, the Henshaws claim that in AP No. 1, they attempted to defeat the Trustee's fraudulent transfer contentions by using extrinsic evidence to

---

[2] While the Court recognizes that the Henshaws purport to contest each element of the collateral estoppel test, their assertions related to the subsequent elements are derivative of their contention that the issues in each litigation are different.  *See* Open.Br. at 11.  Because the Court rejects the contention that the issues in each case are different, it is unnecessary to address the Henshaws' arguments regarding the remaining elements.

vary the Deed interpreted on its face by the bankruptcy court to constitute evidence of a joint tenancy.  According to the Henshaws, consideration of such extrinsic evidence would show that, together with the Debtors, they intended to take the Property in accordance with their respective contributions to the Property's purchase price, rather than 50-50.  The bankruptcy court did not permit the admission of such evidence, a decision that was affirmed by the district court on appeal.  *See In re Henshaw*, 485 B.R. at 416, 421 ("the court finds that the parol evidence rule applies to the June 22, 2007 Deed to prevent admission of extrinsic evidence suggesting that the subject properties were held in anything other than a joint tenancy").

Here, in AP No. 2, the Trustee seeks to sell the Property pursuant to 11 U.S.C. Section 363(h).  Based on collateral estoppel, the bankruptcy court dismissed the Henshaws' counterclaim "seeking reformation of the 2007 deed to conform to the parties' alleged intention that they would own the property in proportion to their respective contributions to the purchase price."  Appendix, Ex. 3 at 3 (March 13, 2013 Order); *see also* Open.Br. at 10 (The Henshaws have "raised in the Counterclaim that 50/50 ownership was not the intent of the parties when the Deed was drafted . . . there was a mistake in drafting the Deed entitling them to the equitable remedy of reformation").  The Henshaws assert that the bankruptcy court

5

erred in its application of collateral estoppel because the parol evidence issue in AP No. 1 is different than the reformation issue in AP No. 2:

> . . . the First Proceeding decided the issue of the legal effect of the Deed as to the ownership rights it conveyed. The Henshaws' counterclaim now raises the entirely different issue of whether this legal effect (now defined by the Court) reflects the true intent of the parties, or if it is subject to the equitable remedy of reformation.  These issues are not the [sic] identical, and none of the issues related to the Henshaws' claim for reformation were decided or even considered in the First Proceeding.

Open.Br. at 11.

The Henshaws are incorrect: The bankruptcy court did not err in its application of collateral estoppel.  Admittedly, the Henshaws attach "a different legal label" (Appendix, Ex. 3 at 6) to their counterclaim, now styling it as based on "reformation."  But whatever the label, the Trustee correctly and succinctly notes that the issue in both proceedings is the same: "whether the alleged intent of the [Henshaws] and Debtors merits an alteration of their respective interests" in the Property, as reflected in the joint tenancy Deed.  Ans.Br. at 7.  Indeed, to allow the Henshaws to maintain the reformation claim they now assert would necessarily require admission of the same extrinsic evidence that was precluded by the bankruptcy court's parol evidence ruling in AP No. 1.  *See* Appendix, Ex. 3 at 6

(March 13, 2013 Order), *quoting*, 1B Moore's Federal Practice ¶ 0.443[2]("[A]ny contention that is necessarily inconsistent with a prior adjudication of a material and litigated issue . . . is subsumed in that issue and precluded by the effect of the prior judgment as collateral estoppel").  In other words, the Henshaws rely on the same factual circumstances underpinning their reformation claim as they did in seeking to vary the deed with extrinsic evidence in AP No. 1 – they simply stop short of calling their variance attempt a "reformation."[3]

Accordingly, this Court will not disturb the bankruptcy court's collateral estoppel ruling.

   II.   The Bankruptcy Court Properly Determined That The Sale Of The Property Should Proceed, Pursuant To 11 U.S.C. Section 363(h).

Title 11, United States Code, Section 363(h) provides in relevant part:

> . . . [T]he trustee may sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –
>
> (1) Partition in kind of such property among the estate and such co-owners is impracticable;

---

[3] The bankruptcy court's application of the Ninth Circuit's *Browner* factors further illustrates the identity of the issues in both proceedings.  *See* Appendix, Ex. 3 at 4-6 (March 13, 2013 Order).

>   (2) Sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
>   (3) The benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
>   (4) Such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The Henshaws challenge the Trustee's satisfaction of Section 363(h)(1) and (h)(3). Open.Br. at 13.

With regard to (h)(1), the Henshaws assert that the bankruptcy court made no finding and "essentially put off a determination as to whether or not both parcels making up the Property must be sold, or if the estate's interests could be satisfied by the sale of just one parcel, until such time as a motion to approve a sale is made." *Id.* at 14. The bankruptcy court, however, is guilty of no such omission. Having considered the Henshaws' and Debtors' contentions with regard to partition, the bankruptcy court stated: "Strict partition in kind . . . is impracticable in this situation because the units are not equal in value. Although each unit is approximately the same size, one of the units contains a residence, increasing its

8

value, while the other unit is unimproved land with a lower value. Examining the evidence in the record, it does not appear practicable to physically divide the property in a way which would result in equal values." Appendix, Ex. 3 at 4 (July 10, 2013 Order); *see also* Appendix, Ex. 5 at 17-18. The bankruptcy court, in other words, not only did not "essentially put off" a determination on Section 363(h)(1), but made a determination whose rationale is eminently sound. *See e.g. In re Vassilowitch*, 72 B.R. 803, 807 (D.Mass. 1987) (sale of only a partial interest in a co-owned property "would realize virtually nothing" because of the "co-owner's continued presence").

With regard to Section 363(h)(3), the Henshaws argue that the bankruptcy court did not fully appreciate, or therefore properly weigh, the detriment that a sale of the whole Property would cause them. The Henshaws contend that not only would they suffer a significant economic loss, but the stress created by a sale would have a particularly acute effect on Barbara Henshaw, who apparently suffers from multiple sclerosis. Open.Br. at 15-16. Once again, the Henshaws appear to understate the breadth and propriety of the bankruptcy court's considerations and analysis. First, no one, including the bankruptcy court, is suggesting that the Henshaws will be made whole as a result of the Property's sale. As the bankruptcy

9

court readily acknowledged, "[I]t's true that they paid money for this property, and it's probably true they're not going to get all that money back." Appendix, Ex. 5 at 18. But as the bankruptcy court further commented, the Henshaws' prospective loss is principally a consequence of the avoided fraudulent transfer, not the sale of the Property (Appendix, Ex. 5 at 30), and their economic loss argument therefore does not represent the correct measure of detriment for purposes of Section 363(h)(3) analysis. The Henshaws' detriment is also not as significant as they contend because the Property is not their principal residence and was purchased for investment and estate planning reasons. *In re Hatfield*, 2009 WL 7751435 at *8 (B.A.P. 9th Cir. Mar. 17, 2009)(sale of property pursuant to Section 363(h) approved, in part, because sale would not result in co-owner's displacement]. In other words, a sale will not cause the Henshaws to be uprooted from their home, and any stress they experience would be expected to be relatively modest. Moreover, as suggested by the bankruptcy court, one could reasonably expect a sale of less than the whole Property to be more, not less, stressful to the Henshaws because they would then be "co-owners of the property with a stranger." Appendix, Ex. 3 at 5 (July 10, 2013 Order).

In short, the bankruptcy court fully evaluated the Section 363(h) considerations upon ruling on the Trustee's Motion for Summary Judgment, and this Court finds no error evident in that evaluation.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's March 13 and July 10, 2013 Orders are hereby AFFIRMED.

IT IS SO ORDERED.

Dated: January 13, 2014, at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

In Re: Michael Dylan Henshaw, Debtors /Philip Henshaw, et al. v. Dane S. Field; CV 13-00388 DKW-KSC; **ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS GRANTING TRUSTEE'S MOTION TO DISMISS COUNTERCLAIM AND GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**